**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 10-cv-02498-MSK-MEH

WALTERINE CHERYL BOLES,

    Plaintiff,

v.

SERVICESOURCE NETWORK [sic], and
SERVICESOURCE, INC.,

    Defendant.

_____

**STIPULATED PROTECTIVE ORDER**
_____

    PURSUANT TO Fed. R. Civ. P. 26(c), with the consent of the parties before the Court, and to protect the confidentiality of certain information and documents, IT IS ORDERED:

    1.    Confidential documents, materials and information that the parties produce in this case shall not be used, copied, or disclosed by the parties or their representatives for any purpose other than the litigation of this case, which includes discovery, preparation for trial and trial of this action, including any appeals and retrials.

    2.    This Stipulated Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure, whether obtained through discovery, by subpoena or by any other means, that are designated as "CONFIDENTIAL" by one or more parties.  As used in this Stipulated

Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34. A draft or non-identical copy is a separate document within the meaning of this term.

      3.      "CONFIDENTIAL" documents, materials and information include, without limitation, all documents, answers to interrogatories, responses to requests for admissions, appropriate portions thereof or other responses to discovery requests, which, if disclosed, would compromise the legitimate privacy interests of any party, or that constitutes a trade secret or other confidential research, development, or commercial information, including but not limited to:

      a.      Financial documents and information, including without limitation financial statements (audited and unaudited), income statements, loan applications or agreements, tax returns and supporting documents, profit and loss statements, balance sheets, general journals or ledgers, accounts payable and accounts receivable reports, business contracts/referrals, business records, work papers, supporting/backup documentation, accounting reports, business and/or financial plans and strategies, production log print-outs, sales projections and information, sales, profits, profit margins, prices, financial status, customer or client identities, prospective or potential customer identities, contact information, customer contracts or agreements, customer records, customer and employee surveys, marketing or advertising plans or strategies, sales plans or strategies, business plans or strategies, or business surveys, data and information relating to business acquisitions, mergers, sales and purchases, confidential

        research, development, financial and commercial information, confidential personal and financial information, management plans, contracts with employees or customers, marketing and sales information, diaries, journals, day-timers and personal calendars, revenue projections, and all other information of a business nature or regarding the financial condition and work performed by or for a corporate party's business;

b.     Documents and information pertaining to a party's physical, psychological or mental status, tests, treatment or health, including without limitation medical records, charts, reports, personal health information protected under HIPAA, progress notes, interview notes, discharge summaries, operative reports, itemized billing statements, emergency room reports, records of consultations, psychological/psychiatric evaluations and notes, x-rays and all other imagery records and reports, laboratory test results, pathology tissue reports, and all diagnostic studies, whether in electronic data or other format;

c.     Documents and information pertaining to a party's insurance policies;

d.     Employee and personnel files and records, including without limitation performance appraisals and evaluations and other records of job performance, records of disciplinary actions, records of performance or merit awards, records of employee warnings and discipline, records of employee wages, salaries, and bonuses, résumés, job applications,

      job postings, job descriptions and qualifications, job interview selection procedures and notes, all internal policies and procedures of a corporate party (including employee handbooks, personnel policies and guidelines, and codes of conduct), personal information, background check information and reports, agency charge exhibits and investigative information, and records that are required by law to be maintained with regard to employees;

  e. Records, minutes, agendas, memoranda, notes and other documents relating to board meetings, board committee meetings, or staff meetings; and

  f. Documents and information that the United States Air Force considers Controlled Unclassified Information, or which requires a security clearance of any kind.

  4. A party shall mark or designate as "CONFIDENTIAL" all information and documents that are confidential or propriety and that the party, in good faith, maintains that the documents and/or information constitute confidential information (hereinafter collectively referred to as "Confidential Information").

  5. Documents are designated as confidential by placing or affixing on them (in a manner that will not interfere with their legibility) the word "CONFIDENTIAL," or by designating them as "CONFIDENTIAL" in correspondence from counsel for the party making the designation.

  6. Documents designated "CONFIDENTIAL" in accordance with this Stipulated Protective Order, and the information contained therein, shall be used solely for the

purposes of this case, and may not be used as a basis for any other action, claim, or protest without first obtaining permission of this Court or the designating party. Confidential Information shall not, without the consent of the party designating it, or further order of the Court, be disclosed to anyone, except that such information may be disclosed to:

    a.    Attorneys who are actively working on this case;

    b.    Persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in preparation for trial, at trial, or at other proceedings in this case;

    c.    The parties;

    d.    Expert witnesses and consultants retained in connection with this case, to the extent such disclosure is necessary for preparation, trial, or other proceedings in this case;

    e.    The Court in this case and its employees ("court personnel");

    f.    Stenographic reporters or videographers who are engaged in proceedings necessarily incident to the conduct of this case;

    g.    Deponents;

    h.    Witnesses and potential witnesses;

    i.    Other persons by written agreement of the parties;

    j.    The Confidential Information's author, addressee, or anyone who received the information prior to this case being filed; and

    k.    Any person who is the subject of the Confidential Information.

    7.    Prior to disclosing any Confidential Information to any person listed above (other than counsel, persons employed by counsel, court personnel, stenographic

reporters, videographers, and the parties), a party shall provide such person with a copy of this Stipulated Protective Order and obtain from such person a signed acknowledgement in the form set forth in Exhibit A, attached hereto, prior to the receipt of any confidential documents or information, stating that he or she has read this Stipulated Protective Order and agrees to be bound by its provisions. All such acknowledgements shall be retained by counsel until the conclusion of this litigation or as may otherwise be ordered by the Court. The Court may direct disclosing counsel to produce any such acknowledgement at any time upon a showing of good cause, and all such acknowledgments shall be subject to in camera review by the Court, upon a showing of good cause. No person who has received Confidential Information after signing an acknowledgement shall photocopy or otherwise reproduce or retain any facsimile, summary, or synopsis of any Confidential Information other than for use solely for the purposes of this litigation.

8. Documents designated as "CONFIDENTIAL", which are sought to be filed with the Court, should be filed in accordance with D.C.COLO.LCivR 7.2 and copies of the papers or documents, in sealed envelopes, shall be filed in accordance with D.C.COLO.LCivR 10.1L.

9. Confidential Information disclosed during a deposition may be designated as "CONFIDENTIAL" and shall be subject to the provisions of this Stipulated Protective Order. Such designation shall be made on the record during the deposition, whenever possible, but a party may designate all or any portion of a deposition as "CONFIDENTIAL" after transcription, provided written notice of the designation is given promptly to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

10.      A party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as "CONFIDENTIAL" to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Stipulated Protective Order. If such a motion is filed timely, the disputed information shall be treated as confidential under the terms of this Stipulated Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as "CONFIDENTIAL" and shall not thereafter be treated as confidential in accordance with this Stipulated Protective Order. In connection with a motion filed under this provision, the party designating the information as "CONFIDENTIAL" shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential Information.

11.      Within 120 days of the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof that have been designated as "CONFIDENTIAL" shall be returned to the designating party, or the parties may elect to destroy "CONFIDENTIAL" documents; provided, however, that counsel for each party may retain one copy of the confidential documents for the sole purpose of maintaining a complete file, and all such retained documents will not be released, disclosed, or utilized except upon express permission of this Court after written notice to counsel for the party that designated the documents. Where the parties agree to destroy Confidential

Information, the destroying party shall provide all parties with an affidavit confirming the destruction.

12.     The inadvertent production by any party of any document subject to attorney-client privilege or work product immunity, or the inadvertent failure to designate a document as "CONFIDENTIAL", will not be deemed to constitute a waiver of such privilege, immunity, rights, or any other privilege, immunity, or rights that would otherwise attach to such information.  Any party receiving inadvertently produced information will forthwith, upon request, return the original and all copies to the party producing such information.

13.     This Stipulated Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

14.     Unless otherwise agreed, in writing, by the parties or ordered by the Court, all proceedings in this case that relate to Confidential Information shall be subject to the provisions of this Stipulated Protective Order.

15.     Nothing herein shall prevent disclosure beyond the terms of this Stipulated Protective Order if: (a) the party designating Confidential Information consents in writing to such disclosure; or (b) such disclosure is otherwise required by a lawful subpoena or order issued by a court of competent jurisdiction; or (c) this Court, after notice to all affected parties, orders or permits such disclosure.

16.     Nothing contained in this Stipulated Protective Order shall affect the right of any party to make objections or other responses permitted by the Federal Rules of Civil Procedure, the Local Rules of Practice for the United States District Court for the District of Colorado, or the civil practice standards of the presiding judicial officer to any request for production of documents, interrogatory, request for admission, or question at a

deposition, except matters of confidentiality which this Stipulated Protective Order has addressed. Nothing in this Stipulated Protective Order shall constitute a ruling on any such claim.

17. This Stipulated Protective Order is entered pursuant to Fed. R. Civ. P. 26(c). The protections afforded pursuant to this Stipulated Protective Order are continuing. No Confidential Information shall be disclosed in violation of this Stipulated Protective Order either during or after this litigation.

Agreed and stipulated this 16th day of March, 2011.

| | |
|---|---|
| *s/ Jeremy Cave* | *s/ Shella B. Neba* |
| Jeremy Brandon Cave, Esq. | Matthew J. Rita, Esq. |
| C. Jaye Mills, Esq. | Shella B. Neba, Esq. |
| Cave & Mills, Inc. | Ford & Harrison LLP |
| 13791 East Rice Place | 1675 Broadway, Suite 2150 |
| Aurora, CO 80015 | Denver, CO  80202-4679 |
| Telephone:  (303)719-4867 | Telephone:  (303) 592-8860 |
| Fax: (720)367-5331 | Fax:  (303) 592-8861 |
| Email: cjm@caveandmills.com | Email:  mrita@fordharrison.com |
| Email: jcave@caveandmills.com | Email:  sneba@fordharrison.com |
| | |
| Attorneys for Plaintiff | Attorneys for Defendant |
|    Walterine Cheryl Boles |    ServiceSource, Inc. |

ENTERED AS AN ORDER OF THIS COURT this 18th day of March, 2011.

BY THE COURT:

*Michael E. Hegarty*

MICHAEL E. HEGARTY
United States Magistrate Judge

## EXHIBIT A

The following declaration is made pursuant to 28 U.S.C. § 1746.

  I, _____, declare under penalty of perjury pursuant to the laws of the United States of America that I am over eighteen years of age, that I have personal knowledge of the following facts and can testify to them, and that the following facts are true:

1. My current address and phone number are:

  Address: _____
  Phone Number: _____

2. My current employment (if employed) or business information is:

  Employer Name (if employed): _____
  Business Name: _____
  Address: _____
  Phone Number: _____

3. My current occupation or job description is: _____
_____

4. I have received a copy of the attached Stipulated Protective Order in this case (*Walterine Cheryl Boles v. ServiceSource, Inc.*, Civil Action No. 10-cv-02498-MSK-MEH), entered by the U.S. District Court for the District of Colorado.

5. I have carefully read and understand the provisions of the attached Stipulated Protective Order, will comply with all of its provisions, will hold in confidence and not disclose to anyone not qualified under the Stipulated Protective Order any Confidential Information, including without limitation all information and documents that have been designated or marked as "CONFIDENTIAL", and I will return all Confidential Information, and copies thereof, along with all reports, correspondence, documents or things which I have prepared relating thereto, to counsel for the party by whom I have been retained, contacted, or deposed.

Signature: _____  Date: _____

Print Name: _____