IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02498-MSK-MEH

WALTERINE CHERYL BOLES,

    Plaintiff,

v.

SERVICESOURCE NETWORK, and
SERVICESOURCE INC.,

    Defendants.

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, on May 25, 2011.**

    Defendant's Motion to Drop Nonexistent and Unserved Party [filed April 28, 2011; docket #34] is **denied without prejudice**. The Court finds that some additional time and discovery is justified to determine whether ServiceSource Network exists as separate legal entity and whether Plaintiff exhausted her administrative remedies with respect to her ADA claims against ServiceSource Network. *See Beene v. Delaney*, 70 F. App'x 486, 490 (10th Cir. 2003) (finding that when evidentiary matters outside of the plaintiff's complaint concerning exhaustion of remedies are presented to the court, a motion to dismiss should be treated as a motion for summary judgment). As such, the Court finds good cause to extend the deadline for service set forth in Fed. R. Civ. P. 4(m).

    In this case, the discovery deadline is September 2, 2011. Discovery has been proceeding since approximately March 8, 2011, at which time the Plaintiff was aware of the issue and stated her intention possibly to drop ServiceSource Network as a party. *See* Scheduling Order, ¶ 8.d., docket #29 at 7. Therefore, the Court will allow the Plaintiff a total of three months, or until June 8, 2011,[1] to discover the information necessary to determine the corporate and/or legal status of ServiceSource Network and effect service upon that entity.[2] If the Plaintiff fails to effect proper service on or before June 8, 2011, the Court will entertain a renewed motion to dismiss ServiceSource Network by Defendant ServiceSource, Inc., if necessary.

---

[1] This deadline provides the Plaintiff an extension of approximately 120 days past the deadline set forth by Fed. R. Civ. P. 4(m), which is more than reasonable under the circumstances.

[2] The Court notes that, other than attempting to mail a waiver of service to ServiceSource Network in January 2011, Plaintiff has described no other efforts or attempts to serve this entity.